IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANNATECH, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0471-BD |
| | § | |
| GLYCOBIOTICS INTERNATIONAL, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Plaintiff Mannatech, Inc. has filed a motion to strike the second supplemental designation of Kenneth Cornell, Ph.D. as an expert witness and to exclude any testimony on new opinions and theories offered in his second supplemental report. As grounds for its motion, plaintiff argues that Cornell's latest report was served two months after the expiration of the deadline for designating experts, more than 11 weeks after Cornell was deposed, and on the last day for conducting expert discovery. Defendant counters that plaintiff has not been surprised or prejudiced by this delay because Cornell's second supplemental report does not offer new opinions unrelated to his previous reports. The parties have briefed their respective arguments in a Joint Status Report filed on July 16, 2007, and the motion is ripe for determination.

Defendant originally designated Cornell, a chemistry professor at Boise State University, as an expert witness on various patent issues and provided plaintiff with a Rule 26(a)(2)(B) report[1] on

---

[1] Fed. R. Civ. P. 26(a)(2)(B) provides, in pertinent part:

> Except as otherwise stipulated or directed by the court, [the disclosure of expert witnesses] shall . . . be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information

January 30, 2007. This report, which is less than three pages in length, focuses on the terms "nutritionally effective" and "isolated and purified" as used in the '807 Patent. (Doc. #39, Exh. A). Thereafter, the parties agreed to modify the deadlines for supplementing their expert witness designations. (*See* Doc. #43, Exh. A). In accordance with this agreement, defendant provided plaintiff with a three-page supplemental report authored by Cornell expanding the opinions expressed in the prior report to include the '431 Patent. (*See* Doc. #63, Exh. A). Plaintiff deposed Cornell on both his original and supplemental reports on March 27, 2007. After this case was transferred to the magistrate judge, the court held a scheduling conference with the attorneys to discuss various pretrial issues, including suggested modifications to the scheduling order. At the request of the parties, the court extended the deadline for completing expert discovery relating to patent issues until June 15, 2007. No other revisions to the expert designation deadlines were requested or made. (*See* Doc. #100). On June 15, 2007, the last day for conducting expert discovery on patent-related issues, defendant served plaintiff with a 12-page second supplemental expert report in which Cornell offers opinions on the "Digestion and Absorption of Dietary Carbohydrates" and the "Utility of Dietary Supplementation." These opinions are supported by references to numerous scientific publications, none of which were mentioned in the prior reports. (*See* Doc. #114, Exh. A). It is Cornell's second supplemental report, and any expert testimony based thereon, that plaintiff seeks to strike.

---

considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

A district court is vested with broad discretion "to preserve the integrity and purpose" of a pretrial scheduling order. *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996), *quoting Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). One purpose of a scheduling order is to establish firm pretrial deadlines, such as deadlines for designating expert witnesses and exchanging Rule 26(a)(2)(B) reports. If a party fails to make Rule 26(a)(2)(B) disclosures in a timely manner without substantial justification, that party shall not, "unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); *see also Barrett*, 95 F.3d at 380. In determining the propriety of excluding expert testimony in a given case, the court must consider: (1) the explanation, if any, for the party's failure to comply with the order or pretrial deadline; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witness' testimony. *Barrett*, 95 F.3d at 380; *Browning v. City of Balch Springs*, No. 3-06-CV-1411-P, 1997 WL 361632 at *4 (N.D. Tex. Jun. 20, 1997).

In its portion of the Joint Status Report, defendant offers no explanation for failing to serve Cornell's second supplemental report in a timely manner. The court takes seriously this lack of a plausible explanation in light of Fifth Circuit precedent holding that the exclusion of expert testimony is "particularly appropriate" where a party does not offer an adequate explanation for failing to comply with the deadlines established in a pretrial scheduling order. *See 1488, Inc. v. Philsec Investment Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991). Nor has defendant adequately explained the importance of allowing Cornell to testify on the new matters set forth in his second supplemental report. Instead, defendant argues that plaintiff has not been surprised or prejudiced because the new report merely "extends and supplements" his prior reports. (*See* Jt. Stat. Rep. at

12).   A comparison of Cornell's prior expert reports, served on January 30, 2007 and March 15, 2007, and his second supplemental report, served on June 15, 2007, refutes this contention. Whereas the prior reports focus on the terms "isolated and purified" as used in the '807 and '431 Patents, the second supplemental report attempts to explain why plaintiff's invention is not nutritionally effective. In one part of his new report, Cornell offers opinions and insights "about carbohydrates found in the human diet and their digestion and metabolism . . . in an attempt to better understand how supplementation of various complex carbohydrates would lead to absorption of specific monosaccharides." (Doc. #114, Exh. A at 5). Another part of the second supplemental report examines "information on the bioavailability of monosaccharides from polymeric sources." (*Id.*, Exh. A at 8). Clearly, these are new opinions that were not contained in the prior reports. If Cornell is allowed to testify on these new matters, plaintiff will have to redepose him and locate another rebuttal expert, thus incurring additional expenses and further delaying the case. This will prejudice plaintiff's right to a prompt resolution of its infringement claim. While a continuance and an order requiring defendant to pay the costs of additional discovery might cure any prejudice, the court is not convinced that these measures would deter future dilatory conduct on the part of defendant. Indeed, plaintiff has never requested a continuance and has expressed a desire to proceed promptly with summary judgment and, if necessary, trial. Under these circumstances, an order striking Cornell's second supplemental expert report and any testimony thereon is warranted. *See Browning*, 1997 WL 361632 at *4.

For these reasons, plaintiff's motion to strike [Doc. #122] is granted. Defendant will not be permitted to use Cornell's second supplemental expert report or any testimony based thereon as evidence at trial, at a hearing, or on a motion.

SO ORDERED.

DATED: July 20, 2007.

                                          JEFF KAPLAN
                                        UNITED STATES MAGISTRATE JUDGE