IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MANNATECH, INC.         §
         §
       Plaintiff,         §
         §
VS.         §       NO. 3-06-CV-0471-BD
         §
GLYCOBIOTICS INTERNATIONAL,     §
INC.         §
         §
       Defendant.      §

**MEMORANDUM ORDER**

Defendant has filed a motion for partial summary judgment on plaintiff's claim for trademark infringement. In its complaint, plaintiff alleges that defendant's website, www.glycomannan.com, contains statements that "misrepresent the nature, characteristics, and/or qualities" of Mannatech products sold under the registered trademark Ambrotose®. (*See* Plf. Am. Compl. at 4, ¶ 18 & 8, ¶ 57).[1] Defendant argues that it is entitled to summary judgment because use of the Ambrotose® trademark to identify plaintiff's products is a "nominative fair use" of the mark. Plaintiff counters that the "nominative fair use" doctrine is not applicable to a false advertising claim brought under section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). The issues have been fully briefed by the parties and the motion is ripe for determination.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law determines

---

[1] Defendant manufactures and sells competing products under the name Glycomannan™, which it markets to the public on its internet website. (Plf. Am. Compl. at 3, ¶¶ 14-16 & Exh. C; *see also* Def. MSJ App. at 1-19).

which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). In order to obtain summary judgment on a "fair use" defense in a trademark case, the defendant, as movant, must establish each element of the defense. *See CICCorp., Inc. v. AIMTech, Corp.*, 32 F.Supp.2d 425, 438 (S.D. Tex. 1998). The burden then shifts to the plaintiff, as non-movant, to show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

Section 43(a) of the Lanham Act provides:

> (1)    Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> > (A)    is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B)    in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B). This statute creates two separate causes of action--one for unfair competition under section 43(a)(1)(A), and one for false advertising under section 43(a)(1)(B). *See MCW, Inc. v. Badbusinessbureau.con, L.L.C.*, No. 3-02-CV-2727-G, 2004 WL 833595 at *11 (N.D. Tex. Apr. 19, 2004) (citing cases). The unfair competition section of the Act "is intended to prevent

confusion, mistake, or deception regarding the *source* of goods or services." *Id.*, *quoting In re Connecticut Mobilecom, Inc.*, Nos. 02-12727 REG & 02-02519 WHP, 2003 WL 23021959 at *8-9 (S.D.N.Y. Dec. 23, 2003) (emphasis in original). The false advertising section of the Act "is intended to prevent confusion, mistake, or deception regarding the *characteristics or qualities* of goods or services." *Id.* (emphasis in original). Under the "nominative fair use" doctrine, "one can use another's mark truthfully to identify another's goods or services in order to describe or compare its product to the markholder's product." *See Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 545 (5th Cir. 1998), *abrog. on other grounds*, 121 S.Ct. 1255 (2001). However, at least in the Fifth Circuit, the right to make "nominative fair use" of another's mark "is limited in that the use cannot be one that creates a likelihood of confusion as to *source, sponsorship, affiliation, or approval*." *Id.* at 546 (emphasis added). Stated differently, "nominative fair use" may be a defense to an unfair competition claim under section 43(a)(1)(A) of the Lanham Act, but it is not a defense to a false advertising claim under section 43(a)(1)(B) of the Act.

The gravamen of plaintiff's trademark infringement claim is that defendant has falsely represented the nature, characteristics, and qualities of Ambrotose® glyconutritional products on its website by suggesting that Ambrotose® capsules are comprised of "75% fillers." (Def. MSJ App., Exh. C at 5-6). This is a false advertising claim under section 43(a)(1)(B) of the Lanham Act. Because "nominative fair use" is not a defense to such a claim, defendant is not entitled to summary judgment.[2]

---

[2] In its reply, defendant argues for the first time that plaintiff has failed to identify with particularity any false statement or representation giving rise to a claim under section 43(a)(1)(B) of the Lanham Act. To the extent defendant seeks summary judgment on this ground, the court may not consider a new argument made for the first time in a reply. *See Ghoman v. New Hampshire Insurance Co.*, 159 F.Supp.2d 928, 936 n.9 (N.D. Tex. 2001) (Kaplan, J.), *citing Senior Unsecured Creditors' Committee of First RepublicBank Corp. v. FDIC*, 749 F.Supp. 758, 772 & n.21 (N.D. Tex. 1990).

Defendant's motion for partial summary judgment on plaintiff's claim for trademark infringement [Doc. #132] is denied.

SO ORDERED.

DATED:  March 13, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE